**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-1700**

_____

JACKIE LOLLIS,

Plaintiff - Appellant,

v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

Defendant - Appellee.

_____

Appeal from the United States District Court for the District of South Carolina, at Beaufort. David C. Norton, District Judge.  (9:19-cv-01089-DCN)

_____

Submitted:  November 10, 2022                    Decided:  December 7, 2022

_____

Before WYNN and RICHARDSON, Circuit Judges, and MOTZ, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF**:  Dana W. Duncan, DUNCAN DISABILITY LAW, S.C, Nekoosa, Wisconsin, for Appellant.   Brian C. O'Donnell, Regional Chief Counsel, Thomas Moshang, Supervisory Attorney, Maija DiDomenico, Assistant Regional Counsel, SOCIAL SECURITY ADMINISTRATION OFFICE OF THE GENERAL COUNSEL, Philadelphia, Pennsylvania; M. Rhett DeHart, Acting United States Attorney, Marshall Prince, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jackie Lollis appeals the district court's order accepting the magistrate judge's recommendation and upholding the Administrative Law Judge's (ALJ) denial of Lollis' application for disability insurance benefits. "In social security proceedings, a court of appeals applies the same standard of review as does the district court. That is, a reviewing court must uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) (cleaned up). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. Though the threshold for such evidentiary sufficiency is not high, it requires that more than a mere scintilla of evidence support the ALJ's findings." *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 383 (4th Cir. 2021) (cleaned up). "In reviewing for substantial evidence in support of an ALJ's factual findings, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Rather, where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, we defer to the ALJ's decision." *Shinaberry v. Saul*, 952 F.3d 113, 123 (4th Cir. 2020) (cleaned up).

For claims filed before March 27, 2017, an ALJ is normally required to accord more weight to the medical opinion of an examining source than that of a non-examining source when evaluating conflicting medical opinion evidence. 20 C.F.R. § 404.1527(c)(1) (2022); *Brown*, 873 F.3d at 268. "Accordingly, the treating physician rule requires that ALJs give controlling weight to a treating physician's opinion . . . if that opinion is (1) well-supported

2

by medically acceptable clinical and laboratory diagnostic techniques and (2) not inconsistent with the other substantial evidence in the record." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 106 (4th Cir. 2020) (internal quotation marks omitted).

When the ALJ does not give controlling weight to a treating source's opinion, he must consider a nonexclusive list of factors to determine the weight to be given to all medical opinions in the record: (1) examining relationship; (2) treatment relationship; (3) supportability of the physician's opinion; (4) consistency of the opinion with the record; and (5) specialization of the physician. 20 C.F.R. § 404.1527(c)(2)-(6) (2022); *Arakas*, 983 F.3d at 106. The ALJ "is not required to set forth a detailed factor-by-factor analysis in order to discount a medical opinion from a treating physician." *Dowling*, 986 F.3d at 385. However, "it must nonetheless be apparent from the ALJ's decision that he meaningfully considered each of the factors before deciding how much weight to give the opinion," *id.* (emphasis omitted), and he "must include a narrative discussion describing how the evidence supports his explanation of the varying degrees of weight he gave to differing opinions concerning the claimant's conditions and limitations," *Woods v. Berryhill*, 888 F.3d 686, 695 (4th Cir. 2018) (cleaned up). "Generally, the more consistent a medical opinion is with the record as a whole, the more weight [the ALJ] will give to that medical opinion." 20 C.F.R. § 404.1527(c)(4).

We have reviewed the record and perceive no reversible error. The ALJ applied the correct legal standards in evaluating Lollis' claim for benefits, and the ALJ's findings— including his decision to accord less than controlling weight to Lollis' physician's opinion—are supported by substantial evidence. Accordingly, we affirm the district

3

court's judgment upholding the denial of benefits. *Lollis v. Comm'r of Soc. Sec. Admin.*, No. 9:19-cv-01089-DCN (D.S.C. Mar. 29, 2021). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*